**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARRYLL BRISTON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:08cv1380 |
| | ) | Electronic Filing |
| **COUNTY OF ALLEGHENY,** | ) | |
| **A MUNICIPALITY; RAMON C.** | ) | |
| **RUSTIN, Individually and in his** | ) | |
| **capacity as Warden of the Allegheny** | ) | |
| **County Jail; GREGORY GROGAN,** | ) | |
| **individually and in his capacity as Assistant** | ) | |
| **Warden of the Allegheny County Jail;** | ) | |
| **WILLIAM EMERICH, individually and** | ) | |
| **in his capacity as Assistant Warden of the** | ) | |
| **Allegheny County Jail; LANCE BOHN,** | ) | |
| **individually and in his capacity as** | ) | |
| **Assistant Warden of the Allegheny County** | ) | |
| **Jail; and PHILLIP CESTRA, individually** | ) | |
| **and in his capacity as Records and Intake** | ) | |
| **Sergeant, Allegheny County Jail,** | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

Darryll Briston ("plaintiff") commenced this civil rights action against the County of Allegheny ("County"), Ramon C. Rustin, Gregory Grogan, William Emerich, and Lance Bohn - the warden and assistant wardens of the Allegheny County Jail ("ACJ"), and Phillip Cestra - Records and Intake Sergeant of the ACJ, seeking redress for wrongful imprisonment from December 18, 2007, through January 8, 2008. Presently before the court is defendants' motion for summary judgment. For the reasons set forth below, the motion will be granted.

Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Summary judgment

may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's claim, and upon which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. When the movant does not bear the burden of proof on the claim, the movant's initial burden may be met by demonstrating the lack of record evidence to support the opponent's claim. National State Bank v. National Reserve Bank, 979 F.2d 1579, 1582 (3d Cir. 1992). Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a *genuine issue for trial*," or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Electric Industrial Corp. v. Zenith Radio Corp., 475 U.S. 574 (1986) (quoting Fed.R.Civ.P. 56 (a), (e)) (emphasis in Matsushita). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

In meeting its burden of proof, the "opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. The non-moving party "must present affirmative evidence in order to defeat a properly supported motion" and cannot "simply reassert factually unsupported allegations." Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989). Nor can the opponent "merely rely upon conclusory allegations in [its] pleadings or in memoranda and briefs." Harter v. GAF Corp., 967 F.2d 846 (3d Cir. 1992). Likewise, mere conjecture or speculation by the party resisting summary judgment will not provide a basis upon which to deny the motion. Robertson v. Allied

Signal, Inc., 914 F.2d 360, 382-83 n.12 (3d Cir. 1990). If the non-moving party's evidence merely is colorable or lacks sufficient probative force summary judgment must be granted. Anderson, 477 U.S. at 249-50; see also Big Apple BMW, Inc. v. BMW of North America, 974 F.2d 1358, 1362 (3d Cir. 1992), cert. denied, 113 S.Ct. 1262 (1993) (although the court is not permitted to weigh facts or competing inferences, it is no longer required to "turn a blind eye" to the weight of the evidence).

The record as read in the light most favorable to plaintiff establishes the background set forth below. On November 4, 2004, plaintiff was convicted of a theft-related offense in this court and sentenced to three years in federal prison. On March 24, 2005, as a result of an incident which occurred that day, Pennsylvania State Police charged plaintiff with aggravated assault of a police officer, attempted tampering with evidence, obstruction of the administration of law, simple assault on a police officer, resisting arrest, and disorderly conduct. On March 25, 2005, plaintiff posted bail in the amount of $10,000 and was released on the state charges. He was returned to federal custody.

By an order dated July 11, 2007, the Court of Common Pleas of Allegheny County issued a Writ of Habeas Corpus ad Prosequendum to the Allegheny County Sheriff and the Warden of the Metropolitan Correctional Center in Chicago, Illinois ("Metropolitan"), where Plaintiff was serving his federal sentence, directing that plaintiff be transported and produced in the Allegheny County Criminal Court on November 12, 2007, for the purpose of being prosecuted on the pending state charges. The order specifically provided:

> . . . and PRODUCE him at the Allegheny County Criminal Court . . . on the 12th day of November, 2007 for the purpose of PROSECUTION at CC# 200506406 and to the Warden of the Allegheny County Jail, where the Defendant shall be securely

3

> lodged WITHOUT BAIL until the conclusion of the above captioned case, as well as any other outstanding Allegheny County charges, at which time he shall be RETURNED to the Federal Correction Institution – Chicago, Illinois in the custody of the Allegheny County Sheriffs.

Order of July 11, 2007, Exhibit B to Second Amended Complaint (Doc. No. 27-2) at 1.

On November 8, 2007, authorities at Metropolitan released plaintiff to the custody of Allegheny County Sheriff's Office and he was transported to the ACJ. Trial on the state charges was scheduled for November 15, 2007. Plaintiff requested a continuance because he wanted his case to remain with Judge Machen and the scheduling of several other matters precluded Judge Machen from trying the case at that time. Defense counsel filed a motion to continue which was granted and trial was postponed until January 8, 2008.

On December 12, 2007, Anthony McWhorter, Case Management Coordinator, Federal Bureau of Prisons, faxed to the Allegheny County Sheriff's Office and ACJ a release authorization form. The form indicated that no detainer(s) had been lodged against plaintiff at Metropolitan. The next day Metropolitan Warden Eric Wilson ("Wilson") advised Allegheny County Assistant District Prosecuting Attorney Cathy L. Misko ("Misko") by written correspondence that plaintiff was scheduled to be released from federal custody on December 18, 2007. Misko faxed a copy of Wilson's correspondence to the ACJ Records Department on December 17, 2007. The original copy of this letter was sent by inner office mail to the ACJ.

Plaintiff executed the federal release form on December 18, 2007. Phillip Cestra executed the release form as the Records and Intake Sergeant of the ACJ. The executed form was completed to provide on the second page that plaintiff was being detained by the ACJ. Plaintiff was not released from the ACJ on December 18, 2007.

4

Plaintiff was advised by his state criminal defense counsel that in order to be released from jail he would have to plead guilty to the state charges. On January 8, 2008, plaintiff appeared before Judge Machen and entered a plea of *nolo contendre* to the misdemeanor charge of disorderly conduct at count 7. Judge Machen immediately sentenced plaintiff to time served. Plaintiff raised the issue of his immediate release. Defense counsel asserted that the only thing holding plaintiff in custody was the order issuing the Writ of Habeas Corpus ad Prosequendum. Judge Machen remarked that "[t]his is the District Attorney's transportation order. This shouldn't hold anybody on anything" and suggested that the Assistant District Attorney should have such an order "filed against [her]. She shouldn't sign her name if she doesn't want to be sued." Colloquy of January 8, 2008 (Doc. No. 49-3) at 5-6. Judge Machen then lifted any detainer created by the order and directed his staff to communicate with the appropriate authorities at the ACJ to effectuate plaintiff's immediate release provided no other detainer had been lodged. Id. at 6.

On or about January 18, 2008, plaintiff filed a motion to withdraw his guilty plea entered on January 8, 2008, alleging it had not been made freely and voluntarily. Plaintiff's motion was granted by Judge Machen on July 10, 2008. Plaintiff went to trial on six of the charges before Judge Todd and was convicted of disorderly conduct at count 7. Judge Todd sentenced plaintiff to six months of probation on February 3, 2010. Criminal Docket in CP-02-6406-2005, Court of Common Pleas of Allegheny County (Doc. 49-5 at 6).

Defendants advance a plethora of arguments in support of their motion for summary judgment. Among them is the contention that no genuine issue of material fact exists because plaintiff has failed to identify any basis to support a finding that the individual defendants violated plaintiff's constitutional rights and plaintiff has failed to advance any evidence that a policy or

5

custom of the County violated plaintiff's constitutional rights. Defendants contend that as a consequence they are entitled to judgment as a matter of law.

Plaintiff concedes that he does not have sufficient evidence to establish that the individual defendants engaged in specific actions that violated his constitutional rights. See Plaintiff's Brief in Opposition to Motion for Summary Judgment (Doc. No. 56 at 5 ("Plaintiff consents to the dismissal of the individual defendants in both their official and individual capacities") and 7 ("Plaintiff consents to the dismissal of the individual defendants in both their official and individual capacities.")). He contends that a genuine issue of material fact exists as to whether there was a legal basis to hold him for the three weeks in question and argues that defendants had no basis to do so after the expiration of his federal sentence because he had posted bond on the state charges and was therefore entitled to be released.

The record and applicable law demonstrate that plaintiff has failed to adduce sufficient evidence to create a genuine issue of material fact as to whether the County had a policy or custom that caused a violation of plaintiff's constitutional rights.

In general, § 1983 does not itself create substantive rights, but instead provides a vehicle for vindicating a violation of a federal right. Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). A cause of action under § 1983 has two elements: a plaintiff must prove (1) a violation of a right, privilege or immunity secured by the constitution and laws of the United States (2) that was committed by a person acting under color of state law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Kelly v. Borough of Sayreville, 107 F.3d 1073, 1077 (3d Cir. 1997); Berg v. Cty. of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000) ("The Plaintiff must demonstrate that a person acting under color of law deprived him of a federal right.") (citing Groman, 47 F.3d at

633)).

Under § 1983 "municipal liability attaches only when 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury.'" Bielevicz v. Dubinon, 915 F.2d 845, 849-50 (quoting Monell v. New York City Department of Social Services, 436 U.S. 658, 694 (1990)). Proving a government policy or custom can be accomplished in a number of ways. Id. at 850. "Policy is made when a 'decisionmaker possessing final authority to establish municipal policy with respect to the action' issues an official proclamation, policy or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)). Custom, in contrast, can be proven by demonstrating that a given course of conduct, although not specifically endorsed or authorized by state or local law, is so well-settled and permanent as virtually to constitute law. Id. (citing Fletcher v. O'Donnell, 867 F.2d 791, 793-94 (3d Cir.) ("Custom may be established by proof of knowledge and acquiescence."), cert. denied, 42 U.S. 919 (1989)).

In order to impose municipal liability, the plaintiff must first identify a policy or custom of the entity that caused the constitutional violation. Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397 (1997) ("the plaintiff must identify a municipal 'policy' or 'custom' that caused the injury"); see also A.M. v. Luzerne County Juvenile Det. Ctr., 372 F.3d 572, 580 (3d Cir. 2004) (same). "The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must [be based on] specific facts." Spiller v. City of Texas City, Police. Dept., 130 F.3d 162, 167 (5th Cir.1997). "Once a § 1983 plaintiff identifies a municipal policy or custom, he must demonstrate that, through its deliberate

7

conduct, the municipality was the moving force behind the injury alleged." Berg v. County of Allegheny, 219 F.3d 261, 276 (3d Cir.2000) (internal quotation marks and citation omitted). In other words, a plaintiff "must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." Bennett v. City of Slidell, 728 F.2d 762, 767 (5th Cir.1984).

Plaintiff has failed to identify a specific policy or custom, let alone advance sufficient evidence to prove his constitutional rights were violated as a result of a policy or custom. Plaintiff has not so much as intimated that defendant had *any* policy that served as the "moving force" behind his alleged injury. See Berg, 219 F.3d at 276 (a plaintiff must "demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged.") (citing Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 404 (1997)). Plaintiff merely alleges that "he had posted bond on the state charges, the bond had not been revoked, and the defendant had no basis to hold him at the expiration of his Federal term of imprisonment." Plaintiff's Brief in Opposition (Doc. No. 56) at 8. This much is of course true. But this conclusory assertion of a constitutional violation is flawed for several reasons, the most important being the fact that there was a duly issued court order that provided that plaintiff was to be held without bail through the conclusion of the state charges, an order which was accurate and necessary at the time it was issued. At no time prior to January 8, 2008, did plaintiff request judicial review of that order or otherwise seek to obtain formal review of his ongoing detainment during the requested continuance. Once plaintiff sought such a review, he immediately was released.

Plaintiff has not identified anything more than a set of facts that raise an inference that he

8

was detained due to negligence or a mere oversight in failing to appreciate that his release from federal custody while being detained under the control of a Writ of Habeas Corpus ad Prosequendum rendered the effective force of the order moot and necessitated the need to seek further review of his ability to be released on the previously issued order of bond. That the ACJ personnel merely interpreted the order to mean what it literally said does not supply evidence to show that the ACJ implemented one policy among several alternatives and that policy can be proven to be deliberately indifferent to the known or obvious violation of constitutional rights that likely would ensue by permitting that policy to continue unabated or without appropriate oversight. See Stoneking v. Bradford Area School District, 882 F.2d 720, 725 (3d Cir. 1989) ("As the Supreme Court recently reconfirmed in City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412 (1989), a municipality may be liable under section 1983 where its policymakers made 'a deliberate choice to follow a course of action ... from among various alternatives,' (quoting Pembauer v. Cincinnati, 475 U.S. 469, 483-84, 106 S.Ct. 1292, 1300-01, 89 L.Ed.2d 452 (1986) (plurality op.)), and the policy chosen 'reflects deliberate indifference to the constitutional rights of [the city's] inhabitants,' 109 S.Ct. at 1206. See also Monell, 436 U.S. at 690-91, 98 S.Ct. at 2036-37 (government body may be sued for constitutional deprivations visited pursuant to governmental "custom", "practices" or "usage")."). A the very best, the facts merely point to confusion or an oversight by defendants, which clearly is insufficient. See Berg, 219 F.3d at 276 ("If, as here, the policy or custom does not facially violate federal law, causation can be established only by "demonstrat[ing] that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice.") (quoting Bryan County, 520 U.S. at 407).

Plaintiff's inability to advance facts sufficient to identify an existing policy, connect that policy to the county and demonstrate that his injury was caused by that policy precludes the ability to establish Monell liability. See Bennett, 728 F.2d at 767; see also Hernandez v. City of Farmersville, 2010 WL 761202 at *6 (dismissing § 1983 claim against city because of the plaintiff's failure to identify a specific policy). Even if plaintiff had identified a specific policy, he also has not advanced sufficient evidence to support a finding of demonstrated deliberate indifference to a known or obvious violation of an inmate's constitutional rights. In fact, the record shows the exact opposite: once the issue of plaintiff's detention formally was raised for review on January 8, 2008, he immediately was released. In other words, the record is devoid of evidence from which a reasonable juror could conclude that the ACJ had a policy of holding inmates beyond their authorized release date and plaintiff's extended detention was a product of that policy. Accordingly, defendant's motion for summary judgment on plaintiff's § 1983 claim must be granted.

The record also demonstrates that the County cannot be held liable for false imprisonment and intentional infliction of emotional distress under the Political Subdivision Tort Claims Act. The Act provides local government agencies and their employees immunity from liability for tort claims except in certain limited situations which do not appear to be applicable here. See 42 Pa. C.S.A. 8541. However, employees are not immune under § 8545 where their conduct amounts to "actual malice" or "willful misconduct." Sanford v. Stiles, 456 F.3d 298, 315 (3d. Cir. 2006). And, as the Pennsylvania Supreme Court has recognized, willful misconduct is a demanding level of fault. It has been defined as "conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be

implied." Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994) (citations omitted). In other words, "the term 'willful misconduct' is synonymous with the term 'intentional tort.'" Id. (citation omitted); see also Bright v. Westmoreland County, 443 F.3d 276, 287 (3d Cir. 2006) (same); Brown v. Muhlenberg Twp., 269 F.3d 205, 214 (3d Cir. 2001).

As this court previously ruled, the County is immune under the Act. See Memorandum Order of November 23, 2009 (Doc. No. 33) at 1. Furthermore, there is no basis in the record to conclude that any individual acted with "willful misconduct" in regard to plaintiff's ongoing detention. Plaintiff's concession as to his inability to prove liability against the individual defendants in either their individual or official capacity conclusively establishes as much. Consequently, all defendants are entitled to summary judgment on plaintiff's state law claims.

Date: February 11, 2011

    s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Susan N. Williams, Esquire
Williams Law Offices
101 North Main Street
Suite 105
Greensburg, PA 15601

Craig E. Maravich, Esquire
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219